IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

CATHERINE CONRAD and RODNEY RIGSBY,

                                                                                ORDER

                Plaintiffs,

                                                          11-cv-305-bbc

    v.

JAMES BENDEWALD, MARIA VEDRAL
and SILVER EDGE SYSTEMS SOFTWARE, INC.,

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

       In an order dated November 2, 2012, I granted the motion filed by defendants Maria Vedral and Silver Edge Systems Software, Inc. under 17 U.S.C. § 505, which authorizes a court to award attorney fees to the prevailing party in a case for copyright infringement. Dkt. #139. I gave plaintiffs Catherine Conrad and Rodney Rigsby an opportunity to object to the reasonableness of the amount defendants' request, which is $95,064.

       Having reviewed the parties' submissions, I conclude that a significant reduction is appropriate. To begin with, this was a simple case with a single claim for infringement. The primary question was factual: did defendants have permission to videotape plaintiff Conrad's performance of her copyrighted song? The case could have been resolved with a deposition and an early summary judgment motion, but instead defendants chose to wait until the last possible moment to seek summary judgment. Defendants cite statistics showing that the average copyright infringement case costs between $145,000 and $400,000

1

to litigate, but the average amount sheds little light on a simple case like this one.

To be sure, plaintiffs' aggressive litigation tactics required defendants to devote more resources to the case than they otherwise would need, but defendants engaged in a number of their own questionable tactics, including filing a motion to dismiss for failure to state a claim (for which they seek $8,000 in fees) *after* this court determined that the complaint survived that standard at screening; an opposition to plaintiff Conrad's motion to join a co-owner of the copyright ($10,000); and a motion for sanctions ($2,660) in which defendants asked the court to make a credibility determination without a hearing.

In addition, the amount of resources defendants devoted to certain matters seems excessive. Defendants seek nearly $8,000 for "mediation and settlement" even though both sides seem to agree that their opponent never made a reasonable settlement offer; they seek nearly $9,000 for opposing a motion for reconsideration that the court denied in one paragraph; and they seek approximately $15,000 for preparing the fees and costs petitions. JCW Investments, Inc. v. Novelty, Inc., 509 F.3d 339, 342-43 (7th Cir. 2007) (reducing fee award for excessive time); Budget Rent-A-Car System, Inc. v. Consolidated Equity LLC, 428 F.3d 717, 718 (7th Cir. 2005) (same). Finally, defendants seek $332.50 for the time they have spent opposing plaintiff's appeal, but that is premature because the appeal has not been decided yet.

Another potential consideration is plaintiffs' ability to pay, e.g., Adkins v. Briggs & Stratton Corp., 159 F.3d 306, 307-08 (7th Cir. 1998); Munson v. Friske, 754 F.2d 683, 697 (7th Cir. 1985), but, surprisingly, plaintiffs do not ask for a reduction on this ground despite

two opportunities to do so, which means they have waived the issue. Further, although plaintiff Conrad has submitted affidavits suggesting that her means are limited, dkt. ##2 and 120, the court has received no information about plaintiff Rigsby's financial status. Accordingly, I cannot reduce the fee award on the ground that plaintiffs will be unable to pay it. Taking the other deductions into account, I conclude that defendants are entitled to a fee award of $50,000.

ORDER

IT IS ORDERED that plaintiffs Catherine Conrad and Rodney Rigsby must pay defendants Maria Vedral and Silver Edge Systems Software, Inc. $50,000 in attorney fees under 17 U.S.C. § 505.

Entered this 21st day of December, 2012.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge